Jesus LUQUIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02-74004.
Agency No. A91-742-891.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 28, 2004.

Robert H. Gibbs, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration And Naturalization Service, Seattle, WA, Mark C. Walters, Esq., Anh-Thu P. Mai, Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

Jesus Luquin ("Luquin") appeals two decisions of the Attorney General: the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal, pursuant to 8 U.S.C. § 1229b, and the Legalization Appeals Unit's ("LAU") denial of his application for adjustment to legal temporary resident status as a Special Agricultural Worker ("SAW"), pursuant to 8 U.S.C. § 1160.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Because we are without jurisdiction to consider Luquin's appeal from the denial of his application for cancellation of removal, that portion of his petition is dismissed. *See Falcon–Carriche v. Ashcroft,* 350 F.3d 845, 853 (9th Cir.2003). We have jurisdiction to review the denial of Luquin's application for adjustment of status as a SAW because Luquin brings this challenge in the context of a final removal order. 8 U.S.C. § 1160(e)(3)(A). We review the LAU's determination for abuse of discretion and limit our review to the administrative record established at the time of the LAU's review. 8 U.S.C. § 1160(e)(3)(B). We hold that the LAU abused its discretion in denying Luquin's SAW application by relying on extra-record evidence in its decision.

The LAU denied Luquin's application for adjustment of status as a SAW because it concluded that Luquin "failed to credibly establish the performance of at least 90 man-days of qualifying agricultural employment during the twelve-month statutory period ending May 1, 1986." The LAU based this decision on information purportedly discovered during the course of its attempt to verify Luquin's application. However, the administrative record contains neither documentation of the interview nor the affidavit relied on by the LAU.

The LAU's consideration of evidence outside the administrative record violates the statutory requirement that its review "shall be based solely upon the administrative record established at the time of the determination on the application and upon such additional or newly discovered evidence as may not have been available at the time of the determination." [1] 8 U.S.C. § 1160(e)(2)(B). Thus, the LAU abused

its discretion in basing its denial of Luquin's application on evidence outside the administrative record. *See Ramon–Sepulveda v. INS,* 743 F.2d 1307, 1310 (9th Cir.1984) ("It is a well-known maxim that agencies must comply with their own regulations.").

Once the extra-record adverse evidence is excised from the LAU's decision, the LAU's evaluation of Luquin's credibility is without support. Although the government argues that other evidence supports the LAU's decision, we cannot affirm an agency on grounds upon which it did not rely. *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)). Crediting the reliability of his corroborating documents, Luquin demonstrated his qualifying employment "as a matter of just and reasonable inference." 8 U.S.C. § 1160(b)(3)(B)(iii). Because the LAU did not offer grounds for its decision separate from the extra-record evidence, the Attorney General did not "negate[ ] the reasonableness of the inference" that Luquin met the statutory requirements for legalization. *Id.* Thus, Luquin is entitled to adjustment of status pursuant to 8 U.S.C. § 1160(a)(1).

Because Luquin is entitled to legal temporary status as a SAW, the petition with respect to the Legalization Appeals Unit's decision is GRANTED. The order of removal is VACATED. The petition for review of the Bureau of Immigration Appeals' denial of cancellation of removal is DISMISSED for lack of jurisdiction.

---

1. The government does not argue that this adverse evidence was not available at the time of the original determination.